UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

King Cole Foods, Inc., and
Salam Sam Manni,

        Plaintiffs,                                Case No. 12-12122

v.

                                            Hon. Sean F. Cox
                                            District Court Judge

United States of America, United States
Department of Agriculture, and Federal Agents Jane
and John Doe 1-10.

        Defendants.

_____

### ORDER
### GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

This matter is before the Court on "Plaintiff[s'] Motion to Amend Complaint to Add Defendant and Specify USDA Regulations and Laws Challenged," ("Plaintiffs' Motion to Amend the Complaint"). Both parties fully briefed the issue. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Amend the Complaint.

### BACKGROUND

Plaintiff King Cole Foods, Inc., ("King Cole Foods"), operates as a grocery store in downtown Detroit. (Docket No. 1, at 2, ¶ 8.) It formerly participated in the Supplemental Nutrition

1

Assistance Program, ("the SNAP"), but was permanently disqualified as a sanction for its employees involvement in trafficking food stamp coupons and for King Cole's alleged inability to ensure future compliance with the SNAP. (Docket No. 1-6, at 2, 7–8.) Trafficking is "the buying or selling of [food stamp] coupons, ATP cards or other benefit instruments for cash or consideration other than eligible food . . . ." *See* 7 C.F.R. § 271.2.

In their Complaint, which was filed on May 10, 2012, Plaintiffs seek judicial review, pursuant to 7 U.S.C. § 2023, of the sanction imposed by the Food and Nutrition Service of the United States Department of Agriculture, ("FNS"). (Docket No. 1, at 5–6, ¶¶ 21–27.) Plaintiffs also bring claims under the Fourth, Fifth and Eighth Amendments against the United States, the United States Department of Agriculture and the unknown federal agents who executed the search warrant, contending that the Defendants' seizure of their property, which included the seizure of Electronic Benefits Transfer terminals, proceeds from King Cole's safe and monies from King Cole's bank accounts, as well as King Cole's disqualification by the FNS from the SNAP, resulted in a *de facto* seizure of their business without due process of law and constituted a grossly disproportionate fine. (*Id.* at 6–7, ¶¶ 28–34.) The Plaintiffs seek punitive and compensatory damages as well as attorney's fees. (*Id.* at 7–8.)

On August 27, 2012, the Plaintiffs filed Plaintiffs' Motion to Amend the Complaint seeking to add the agent in charge of the trafficking investigation as a Defendant and to insert the various statutory provisions on which the Plaintiffs base their claims. (Docket No. 12.)

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 15(a) provides, in pertinent part:

A party many amend the party's pleading once as a matter of course within 21 days after serving it . . . [otherwise] a party may amend its pleading only . . . [by] the

court's leave.  The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).  "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried

on their merits rather than the technicalities of pleadings."  *Moore v. City of Paducah*, 790 F.2d 557,

559 (6th Cir. 1986) (citation omitted).  "The decision as to whether justice requires the amendment

is committed to the district court's sound discretion."  *Id*.  "Abuse of discretion occurs when a

district court fails to state the basis for its denial or fails to consider the competing interests of the

parties and likelihood of prejudice to the opponent."  *Id*.

## ANALYSIS

The court considers several elements in ruling on a motion to amend, including "[u]ndue

delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure

to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

amendment . . . ."  *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Delay

by itself is not sufficient reason to deny a motion to amend."  *Id*.  "Notice and substantial prejudice

to the opposing party are critical factors in determining whether an amendment should be granted."

*Id*.

Neither party contends that the Plaintiffs engaged in undue delay, acted in bad faith, or

engaged in repeated failures to cure deficiencies by prior amendments.  Furthermore, neither party

asserts that the Defendants lacked notice of or are unduly prejudiced by the filing of the Plaintiff's

Motion to Amend the Complaint.  (Docket No. 16.)   Instead, the Defendants rely on the futility of

the amendment in asserting that this Court should not grant Plaintiffs' Motion to Amend the

Complaint.  (*Id.* at 4–9.)  Instead of addressing that issue at this time, this Court reserves judgment

until after the Court issues its Order and Opinion with regard to the Defendants' Motion to Dismiss

[Docket No. 8]. Because, for the most part, the Defendants were able to glean the specific statutory provisions on which the Plaintiffs' claims rely, this Court recognizes that the additions of the statutory provisions to the Complaint will help to clear-up the misunderstandings regarding the Plaintiffs' claims. Furthermore, the addition of Agent McClutchey, the officer in charge of the trafficking investigation, will not prejudice either party, at this time, because the Complaint names the federal agents who executed the search warrant, Jane Doe and John Doe 1-10, as Defendants. Thus, it can be assumed that the Plaintiffs chose to forgo naming those additional parties, at that time, until they learned the identities of the agents who executed the search warrant during Discovery.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that the Court **GRANTS** Plaintiffs' Motion to Amend the Complaint.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2012, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

4